IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETITION FOR WRIT OF HABEAS CORPUS
(28 U.S.C. §2254 - PERSONS IN STATE CUSTODY)

_William O. Lantanasio_____, PETITIONER           CA 05-197 Eul
(Full name) (Include name under which you were convicted)

                    vs.            CASE NO. _CP#247 OTN: H661613/_
                                            (Supplied by the Court)

_Jeffery A. Beard_____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)

                                  and

THE DISTRICT ATTORNEY OF THE COUNTY OF _Erie_____

                                  and

THE ATTORNEY GENERAL OF THE STATE OF _Pennsylvania_____
                                        ADDITIONAL RESPONDENT

_William O. Lantanasio_____    _FJ-7115_____
Name                               Prison Number

_SCI-Waymart_____
Place of Confinement


(If petitioner is attacking a state court judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment. DO NOT USE THIS FORM FOR §2255 PURPOSES.)


PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY


INSTRUCTIONS - READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact in this petition or in a motion for leave to proceed in forma pauperis may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper

**PETITION**

1. Name and location of court which entered the judgment under attack: Erie County Common Pleas Court, 140 West 6th Street, Erie Pennsylvania, 16501

2. Criminal Docket Number: CP#247, OTN: H6616131

3. Date of imposition of sentence: 5-16-03

4. Length of sentence: 2½ - 7 yrs.

5. Nature of offense or offenses for which you were convicted: statuatory sexual assault, corruption of minors

6. What was your plea? (Check one)  Not Guilty ( )  Guilty (✓)  Nolo Contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

7. If you were found guilty after a plea of not guilty, check whether finding was made by:  Jury ( )  Judge only ( )

8. Did you testify at the trial?  Yes ( )  No (✓)

9. Did you appeal from the judgment of conviction? Yes (✓)  No ( )

10. If you did appeal, answer the following:
    (a) First Appeal
        (1) Name of Court: Pennsylvania Superior Court
        (2) Docket Number: N/A
        (3) Result: Affirmance of Sentence
        (4) Citation (If known): N/A
    (b) Second Appeal
        (1) Name of Court: PCRA Petition to Erie common pleas Court
        (2) Docket Number: N/A
        (3) Result: Petition denied
        (4) Citation (If known): _____
    (c) If you filed a petition for certiorari in the United States Supreme Court, give details: _____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, appli-

- 4 -

cations, or motions with respect to this judgment in any court, state or federal, including petitions under the Post Conviction Hearing Act? Yes (✓) No ( )

12. If your answer is "Yes" to 11, give the following information:
    (1) Name of court: <u>Erie Common Pleas Court</u>
    (2) Nature of proceeding: <u>PCRA</u>
    (3) Grounds raised: <u>Ineffective assistance of counsel, the mitigating factor of the petitioner's IQ, the actual age of the "victim" and the Constitutional questions raised by the PA sentencing guidelines</u>
    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
    (5) Result: <u>Denied</u>    Date: <u>4-25-05</u>

(b) As to any second petition, application or motion give the same information:
    (1) Name of Court: _____
    (2) Nature of Proceeding: _____
    (3) Grounds raised: _____
_____
_____
    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
    (5) Result: _____ Date: _____

(c) As to any third petition, application or motion give the same information:
    (1) Name of Court: _____
    (2) Nature of Proceeding: _____
    (3) Grounds raised: _____
_____
_____
    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
    (5) Result: _____ Date: _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action on any petition, application or motion:

  (1) First petition, etc.: Yes ( ) No (✓)
  (2) Second petition, etc.: Yes ( ) No (✓)
  (3) Third petition, etc.: Yes ( ) No ( )

 (e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not? _Ineffective assistance of counsel caused the deadline to appeal to the Pennsylvania Supreme Court to pass without any appeal being filed._

13. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. State <u>specifically</u> the <u>facts</u> supporting each ground. <u>You should raise in this petition all available grounds</u> (relating to this conviction) on which you are being held in custody unlawfully, <u>and you should state all the facts sufficient to support each ground</u>. DO SO NOW; because of recent changes in the law you may not be given an opportunity to amend your petition later (See instructions, number 7.).
Grounds: _Denial of effective assistance of counsel counsel failed to explore the possibility of a defense based on petitioners cultural background and IQ (see back page)_

14. If any of the grounds listed were not previously presented in any other court, state or federal, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: _____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )  No (✓)

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
 (a) At preliminary hearing: _Jack Grayer 509 Sassafras St_
 (b) At arraignment and plea: _Jack Grayer Erie PA 16507_
 (c) At trial: _Does not apply_
 (d) At sentencing: _Jack Grayer see above_

- 6 -

(e) On appeal: William J. Hathaway Esq 824 Hiburn Ave, suite 1 Erie PA 16505

(f) In any post-conviction proceeding: William J. Hathaway See above

(g) On appeal from any adverse ruling in a post-conviction proceeding: PRO SE And by Deanna L. Heasley Esq 509 Sassafras St. Erie PA 16507

17. Were you sentenced on more than one count of any indictment, or more than one indictment, in the same court and at the same time: Yes (✓) No ( )

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ( ) No (✓)

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) And give date and length of sentence to be served in the future: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No (✓)

Wherefore, petition prays that the court grant petitioner relief to which he may be entitled in this proceeding.

Executed at: SCI-Waymart Po Box 256 Waymart, PA 18472-0256
   (City, County, State)

I, William O. Cantanysio declare under penalty of perjury that the foregoing is true and correct.

Executed on: 17TH June 2005
   (Date)

_____
(Signature of Petitioner)

(NOTE: No Notary Certification Required)

- 7 -

petitioner is from Sudan, where sex with someone under 18 is not a crime and the petitioner has a below average IQ Counsel refused to consider a diminished capacity defense or to investigate the fact that the "victim" in this case is actually over the age of 18.

Ground two.

(2) Denial of Petitioner's Right of Appeal

Counsel failed to pursue an appeal of this matter to the PA Supreme Court before deadline to do so. When the petitioner's meritorious issues were denied by the PA Superior Court, Counsel, for all practical purposes abandoned this case and because of the aforementioned below average IQ and the fact that the petitioner is a recent arrival to the United States and knows nothing about it's laws he was unable to pursue an appeal on his own.

**WILLIAM J. HATHAWAY, ESQ.**
ATTORNEY AT LAW
824 HILBORN AVENUE, SUITE 1
ERIE, PENNSYLVANIA 16505
(814) 464-9500
FAX: (814) 464-9502

April 11, 2005

William O. Lantanasio
No. FJ-7115
P.O. Box 256
Waymart, PA 18472-0256

                Re: Commonwealth of PA v. William O. Lantanasio
                No. 247 of 2003

Dear Mr. Lantanasio:

    Please be advised that I am in receipt of your letter dated April 4, 2005 in regard to an update as to the status of your case. I did not in fact file an appeal from the denial of your PCRA Petition. In reviewing my case file, I note that Judge DiSantis issued a Notice of Intent to Dismiss and Opinion on November 12, 2005. I believe that I forwarded a copy of this to you. Thereafter, on December 15, 2005, you indicated your desire to pursue an appeal from the denial of the PCRA. I did not file an appeal, which I can only attribute to my belief that the thirty day period for an appeal had already been exhausted. However, in reviewing this case, it is evident that a final order would have been issued and the appeal period runs from that date. Therefore, your request would have been timely and I did not duly comply with your request.

    Therefore, if you want to have your appellate right reinstated, I would direct you to file another PCRA and raise the issue of my failure to comply with your request to file an appeal. I will certainly cooperate in setting forth my error. I do not mean to impede any challenge to my error in this case, but I would advise you and you are probably aware that there have been numerous cases that have gone up on appeal to the Superior Court of PA raising the same issue as you have in regard to the applicability of <u>Blakely v. Washington</u> and the Superior Court has rejected the claim. Therefore, as a practical matter you already have notice as to how the appellate court stands as to this issue. The failure to pursue the appeal has not prejudiced you as to the denial of any potential relief. However, I will stand by my previous assertion and if you want to pursue the reinstatement of your right to appeal I will fully concede my omission.

    If you have any questions, please contact me. If you elect to file another PCRA Petition, the Court will appoint other counsel to pursue an ineffectiveness claim against me and that attorney will likely continue to represent you in any appeal.

                                    Very truly yours,

                                    William J. Hathaway, Esquire