## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM LANTANASIO,** | ) |
| | ) |
| **Petitioner,** | ) |
| | )**C.A. No. 05-197 ERIE** |
| **v.** | ) |
| | )**Magistrate Judge Paradise-Baxter** |
| **JEFFREY BEARD,** | ) |
| | ) |
| **Respondent.** | )**ELECTRONICALLY FILED** |

---

### RESPONDENT'S BRIEF IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS.

---

**Raquel L. Taylor, Esquire.**
**Assistant District Attorney**
**I.D. PA 90906**
**Erie County Courthouse**
**140 West 6th Street**
**Erie, Pennsylvania 16501**
**PHONE (814)451-5349**
**FAX (814)451-6419**
**E-MAIL:**
 **rtaylor@eriecountygov.org**

**Dated: October 5, 2005**

A. **Relevant History and Procedure**

On March 19, 2003, William O. Latanasio, was charged by criminal information at docket number 247 of 2003 with Statutory Sexual Assault and Corruption of Minors.  On April 1, 2003, Petitioner entered a plea of guilty on both counts.  <u>See</u> Petition for Writ of Habeas Corpus, p.4.  On May 16, 2003, Petitioner was sentenced to an aggregate term of imprisonment of thirty-two (32) to eighty-four (84) months incarceration.  <u>Id</u>.  A direct appeal was filed January, 14, 2004.  <u>Id</u>.  The Superior Court of Pennsylvania affirmed the sentence on July 9, 2004.  <u>See</u> Memorandum Opinion, filed August 20, 2004, p. 5.  The Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.  <u>See</u> Petition for Writ of Habeas Corpus, p.4.

On August 17, 2004, Petitioner filed a Motion pursuant to the Post Conviction Hearing Act.  <u>See</u> Petition for Writ of Habeas Corpus, p.4.  Judge DiSantis appointed William Hathaway, Esq. to represent Petitioner for his P.C.R.A. Motion.  On September 29, 2004, Attorney Hathaway filed a Supplemental Motion for Post Conviction Collateral Relief.  Judge DiSantis, by Order dated December 6, 2004, denied Petitioner's PCRA Motion.  Petitioner did not file an appeal with the Superior Court of Pennsylvania.  Petitioner filed a second Petition for Post Conviction Collateral Relief on April 22, 2005.  Judge DiSantis, by Order dated April 25, 2005, denied Petitioner's second PCRA Motion.  Again, Petitioner did not file an appeal with the Superior Court of Pennsylvania.

Petitioner has now filed this action seeking a writ of habeas corpus.  In his petition, he raises two issues: trial counsel was ineffective in failing to explore a defense based on Petitioner's cultural background and intelligence.  Secondly, counsel was ineffective in that

counsel failed to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

See Petition for Writ of Habeas Corpus, p. 6.

1

## B.  Claims Cognizable in Federal Habeas Corpus Proceedings

A state prisoner may seek habeas relief from the federal courts only if he is in custody in violation of federal law of the United States Constitution.  See 28 U.S.C.  Section 2254 (a); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1997), cert.denied, 502 U.S. 902.  Violations of state laws or procedural rules do not allow for relief; there must be deprivation of a federal right. See Engle v. Issac, 456 U.S. 107 (1982).

A federal court's scope of review is limited, as it does not sit to retry cases de novo, but examines the state proceedings to determine if there has been a violation of federal constitutional standards.  Milton v. Wainright, 407 U.S. 471 (1972).  A habeas petitioner must show that the state error reaches constitutional dimension; ordinary error is outside the scope of review.  28 U.S.C. Section 2254.

Both of Petitioner's arguments involve claims of ineffective assistance of counsel.  First, Petitioner claims trial counsel was ineffective for failing to investigate defenses based on cultural differences and Petitioner's intelligence.  Petitioner's second claim is counsel was ineffective for failing to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.  A claim of ineffective assistance of counsel is cognizable in a federal habeas petition and will be addressed.

2

**C.  Untimely Petitions**

A petition may be considered untimely when it is not filed within the appropriate statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one year statute of limitations for filing a petition for a writ of habeas corpus.  28 U.S.C. Section 2244(d)(1).  Therefore, Petitioner had one year from the date his conviction became final to file his petition.  "AEDPA expressly provides that its one-year limitation is tolled for the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending."  Merritt v. Blaine, 326 F.3d 157, (3d Cir. 2003).

In order for a PCRA petition to be "properly filed" the petition must be "delivered and accepted in compliance with any applicable laws and rules governing filings."  Id.  Furthermore, the petition must be timely or fall under a statutory exception to the timeliness requirement.

In the instant case Petitioner filed his petition for post-conviction relief on August 17, 2004.  See Petition for Writ of Habeas Corpus, p.4.  That petition was subsequently denied by the lower court on December 6, 2004.  Petitioner did not file an appeal of the lower court decision with the Superior Court of Pennsylvania.  Furthermore, Petitioner did not seek review in the Pennsylvania Supreme Court.  Instead, Petitioner filed a second PCRA petition on April 22, 2005, which was subsequently denied by Order of the lower court on April 25, 2005.

In order for Petitioner's petition for writ of habeas corpus to be timely he would have to

file the petition by January 5, 2006.[1]  The instant petition for writ of habeas corpus was filed with

3

the federal clerk of courts on August 2, 2005.  As a result, Petitioner's Petition for Writ of

Habeas Corpis appears timely.

---

[1]This represents one year and thirty days from when the lower court issued an Order on December 6, 2004 denying Petitioner's PCRA petition.  Petitioner would have had thirty days beyond December 6, 2004, in which to file an appeal with the Superior Court of Pennsylvania based on the lower court's denial of Petitioner's PCRA petition.  Because Petitioner failed to file an appeal with the Superior Court of Pennsylvania his sentence became final on January 5, 2005, thirty days after the lower court entered the Order.  Petitioner then had an additional year in which to file a Petition for Writ of Habeas Corpus, which would render the deadline for filing January 5, 2006.

4

### D.  Exhaustion and Procedural Default

Before a federal court addresses the merits of a state prisoner's claims, the constitutional issue must first have been fairly presented to the state courts.  See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Conner, 404 U.S. 270, 275; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  The habeas statute requires exhaustion of remedies.  28 U.S.C. Section 2254 (b). The petitioner bears the burden of establishing that exhaustion has been met.  Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985).  The claims must be presented to the highest court in the state. Evans v. Court of Common Pleas of Delaware Co., 959 F.2d 1227, 1230 (3d Cir. 1992), cert.denied, 506 U.S. 1089 (1993).

Even though Pennsylvania's Supreme Court ruled that allocatur need not be sought to exhaust state remedies, it is for the federal courts to decide what satisfies federal habeas exhaustion requirements and they have held that allocatur must be sought.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (existence of right to raise claim before highest court requires exhaustion of that right).  In the instant case, Petitioner did not raise in his direct appeal the issue as to whether trial counsel was ineffective for failing to investigate a possible defense based on Petitioner's cultural background and lower intelligence quotient.  The first time

Petitioner raised this issue was in his PCRA Petition. Petitioner never filed an appeal of the denial of his PCRA Petition by the lower court with the Superior Court of Pennsylvania or petitioned the Pennsylvania Supreme Court for an Allowance of Appeal.  Furthermore, Petitioner failed to raise his argument in his PCRA petition that counsel was ineffective for failing to pursue an appeal with the Pennsylvania Supreme Court.  Petitioner has failed to demonstrate that exhaustion has been met.

   This leads us to a corollary to the exhaustion requirement, the doctrine of procedural default.  Under this doctrine, where a petitioner has been found by the state courts to have lost his right to review claims due to procedural default, he may be barred from federal habeas review.

5

 See, e.g. Gray v. Netherland, 518 U.S. 152, 158 (1996); Rose v. Lundy, 455 U.S. 509, 518 (1982); Doctor v. Walters, supra, at 678.  In this case the lower court addressed Petitioner's claim and did not make a finding the claims had been procedurally defaulted.  Therefore, Respondent will address the merits of Petitioner's claims.

6

**E.  Petitioner's Claims**

**Ineffective Assistance of Counsel**

Petitioner has alleged two instances of ineffective assistance of counsel: trial counsel was ineffective in failing to investigate a possible defense based on Petitioner's cultural background and low intelligence quotient; counsel was ineffective in failing to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.  Petitioner is from the Sudan, and according to him it is not illegal to engage in sexual relations with an individual under the age of eighteen. Petitioner believes had trial counsel understood this fact it could have formed the basis for a defense.  Petitioner also alleges had trial counsel understood his client had a low intelligence quotient it may have formed the basis for a diminished capacity defense.

The benchmark for judging a claim of ineffectiveness of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process such that the trial cannot be relied upon as having produced a just result.  <u>Strickland v. Washington</u>, 466 U.S. 668, 686

(1984). In <u>Strickland</u>, the United States Supreme Court set forth a two-part test for determining the effectiveness of counsel's assistance: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that he was prejudiced by the deficient performance. <u>Id</u>. at 687. The defendant must make both showings in order for a court to find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. <u>Id</u>.

In order to show that counsel's performance was deficient, the defendant must show that counsel made errors so serious that he did not function as the "counsel" guaranteed by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 687. Thus, the defendant must show that counsel's representation fell below an objective standard of reasonableness. <u>Id</u>. at 688. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; the defendant must overcome the presumption that under the circumstances of the

7

particular case, counsel's actions might be considered sound trial strategy. <u>Id</u>. at 689. Thus, in <u>Strickland</u>, the Supreme Court provided the following guidance:

[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of the reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Id</u>. at 690.

The second prong of the test requires the defendant to show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. <u>Strickland</u>, 466 U.S. at 687. Thus, even if a court finds counsel's actions to be professionally unreasonable, the

actions must also be prejudicial to the defense in order to constitute ineffective assistance under

the Constitution.  Id. at 692.  It is not enough for the defendant to show that counsel's errors had

some conceivable effect on the outcome of the proceeding, because not every error that

conceivably could have influenced the outcome undermines the reliability of the result of the

proceeding.  Id. at 693.  Rather, the appropriate test requires the defendant to show that there is a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been

different.  Id. at 694.  A reasonable probability is one sufficient to undermine confidence in the

outcome of the proceeding.  Id.  In order to make this determination, the court must consider the

totality of the evidence before the finder of fact.

     In the instant case, Petitioner alleges trial counsel was ineffective for failing to investigate

a possible defense based on Petitioner's cultural background and lower intelligence quotient.

First, Petitioner waived these arguments by entering a plea of guilty.  Petitioner's plea of guilty

meant the only issues that could be raised on appeal were a challenge to the legality of his

sentence and the voluntariness of his plea.  Therefore, Petitioner's claims are not appropriate for

8

 review.

     However, assuming arguendo these arguments can be properly raised they lack merit.

Petitioner's claim that trial counsel could have raised a defense based on the cultural differences

between the United States and the Sudan is ridiculous.  First and foremost, ignorance of the law

is not a defense in this particular case.  Secondly, the factual basis supporting the charges to

which the Petitioner pled guilty make it clear Petitioner knew what he was doing was wrong. On

the night of the sexual assault,  Petitioner entered the room of T.M. (Age 15) in the middle of the

night, removed her underwear and when the victim resisted he used force.  Petitioner then

engaged in sexual intercourse, penis to vagina, with the victim.  At the conclusion of the assault,

Petitioner told the victim that if she told anybody he would kill her.  Petitioner has failed to meet his burden with respect to this particular claim of trial counsel's ineffectiveness.

Petitioner also claims trial counsel was ineffective in failing to investigate a diminished capacity defense based on defendant's lower intelligence quotient.  This is not an appropriate argument to raise in light of defendant's plea of guilty.  Furthermore, a diminished capacity defense is only appropriate in a first degree murder case.   With respect to both claims of trial counsel's ineffectiveness, Petitioner has done nothing more than make bald assertions without evening attempting to demonstrate how trial counsel's performance was deficient and how he was thereby prejudiced.

Finally, Petitioner claims counsel was ineffective in failing to pursue on appeal of this matter to the Pennsylvania Supreme Court.  As described above, each of Petitioner's claims lack merit and therefore counsel was not obligated to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.  Because Petitioner's claims are all meritless, he has failed to demonstrate how he was prejudiced by counsel's decision not to pursue an appeal.

Petitioner has failed to satisfy the test outlined in Strickland, and as it is Petitioner's burden to overcome the presumption of effectiveness, his assertions should be deemed meritless.

9

**F.  Conclusion**

Wherefore, for all the foregoing reasons discussed herein, Respondent respectfully requests this Honorable Court enter an Order dismissing the Petition and denying relief.

Respectfully submitted,

s/Raquel L. Taylor
Raquel L. Taylor, Esquire
Assistant District Attorney

I.D. PA 90906
Erie County Courthouse
140 West 6th Street
Erie, PA    16501
Phone (814)451-5349
Fax (814)451-6419
E-Mail: rtaylor@eriecountygov.org

10