## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM LANTANASIO,                    )
                                       )
                        **Petitioner,**                    )
                                       )
                        **v.**                    )    **Civil Action No. 05-197 Erie**
                                       )    **JUDGE SEAN McLAUGHLIN**
JEFFREY BEARD, et al.,                 )    **MAGISTRATE JUDGE BAXTER**
                                       )
                 **Respondents.**                    )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.     RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.


### II.    REPORT

This is a petition for writ of habeas corpus filed on June 23, 2005, by a state prisoner presently incarcerated within the state correctional system.  In his petition, Petitioner raises the following issues before this Court, verbatim:

      I.        Denial of effective assistance of counsel.  Counsel failed to explore the possibility of a defense based on Petitioner's cultural background and IQ. Petitioner is from Sudan, where sex with someone under 18 is not a crime and the Petitioner has a below average IQ. Counsel refused to consider a diminished capacity defense or to investigate the fact that the "victim" in this case is actually over the age of 18.

      II.      Denial of Petitioner's right of appeal.  Counsel failed to pursue an appeal of this matter to the Pennsylvania Supreme Court before deadline to do so.  When the Petitioner's meritorious issues were denied by the Pennsylvania Superior Court, counsel, for all practical purposes abandoned this case and because of the aforementioned below average IQ and the fact that the Petitioner is a recent arrival to the United States and knows nothing about it's laws he was unable to pursue an appeal on his own.

See Petition, Document # 3.

The Commonwealth has responded to the petition and it is now ripe for disposition by this Court.

### A.    Procedural history.

At Docket Number 247 of 2003 in the Court of Common Pleas of Erie County, Petitioner was charged with Rape, Statutory Sexual Assault, Sexual Assault, Indecent Assault and Corruption of Minors.  Petitioner was represented by Attorney Jack Grayer. On April 1, 2003, Petitioner pled guilty to Statutory Sexual Assault and Corruption of Minors and the other charges were withdrawn.   On May 16, 2003, Petitioner was sentenced to an aggregate term of imprisonment of thirty-two to eighty-four months incarceration.

Petitioner, represented by Attorney Deanna Heasley, filed a direct appeal to the Pennsylvania Superior Court on January 14, 2004.[1]  In the appeal, Petitioner challenged the sentence as excessive. On July 9, 2004, the Superior Court affirmed Petitioner's sentence.  Petitioner did not appeal to the Pennsylvania Supreme Court.

On August 17, 2004, Petitioner, acting *pro se*, filed a PCRA petition.  Attorney William Hathaway was appointed to represent Petitioner and he filed a supplement to the PCRA petition. Among other things, Petitioner alleged that trial counsel was ineffective for not raising a defense based upon Petitioner's nationality and low IQ.  In November of 2004, the trial court denied Petitioner's request for PCRA relief.  Petitioner did not file an appeal to the Pennsylvania Superior Court.

Attached to his petition, Petitioner has included a letter dated April 11, 2005 to him from Attorney Hathaway.[2]  In pertinent part, the letter reads:

> I did not in fact file an appeal from the denial of your PCRA petition.  In reviewing my case file, I note that Judge DiSantis issued a Notice of Intent to Dismiss and Opinion on November 12, 2005.  I believe that I forwarded a copy of this to you.  Thereafter, on December 15, 2005, you indicated your desire to pursue an appeal from the denial of the PCRA.  I did not file an appeal, which I can only attribute to my belief that the thirty day period for an appeal had already been exhausted.  However, in reviewing this case, it is

---

[1]    Although untimely, Petitioner's appellate rights were reinstated.

[2]    The Commonwealth did not produce this letter as part of the State Court Record.

evident that a final order would have been issued and the appeal period runs from that date. Therefore, your request would have been timely and I did not duly comply with your request.

Therefore, if you want to have your appellate rights reinstated, I would direct you to file another PCRA and raise the issue of my failure to comply with your request to file an appeal. I will certainly cooperate in setting forth my error.

Document # 3, Petition, Attachment.

On April 22, 2005, Petitioner, acting *pro se*, filed a second PCRA petition, which was denied by the trial court three days later. Again, Petitioner did not file an appeal to the Superior Court.

Thereafter, Petitioner filed the instant petition for writ of habeas corpus.


**B.      Exhaustion and procedural default.**

The first issue in any habeas corpus proceeding instituted by a state prisoner is whether the petitioner has exhausted his state court remedies. Exhaustion requires that the claims presented in the federal court have been presented in substantially the same form to the state's highest court, with identity of both facts and legal theory. Bond v. Fulcomer, 864 F.2d 306 (3d Cir. 1989). Even if the claims have been so presented to the state's highest court, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); Castille v. Peoples, 489 U.S. 346 (1989). And, although the requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Landano v. Rafferty, 897 F.2d 661, 669 (1990). The requirement also recognizes the duty, and ability, of the state courts to uphold federal law, and serves the interest of ensuring a fully developed record in the state court. Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845

(1999).[3]  Finally, a federal habeas court is required to dismiss a petition which contains both exhausted and unexhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982); <u>Landano v. Rafferty</u>, <u>supra</u>.

Here, Petitioner has not presented either of his claims to the Superior Court.  Thus, state court remedies have not been exhausted.  At this point, though, Petitioner does not possess any means of obtaining review of his unexhausted claims in the state courts since a new PCRA petition would be untimely.  <u>See</u> 42 Pa.C.S.A § 9545.

However, Petitioner's failure to exhaust may be excused.  "If a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility.  <u>See</u>, <u>e.g.</u>, <u>Lines v. Larkins</u>, 208 F.3d 153, 160 (3d Cir.2000); <u>Toulson v. Beyer</u>, 987 F.2d 984, 987-88 (3d Cir.1993)."  <u>Wenger v. Frank</u>, 266 F.3d 218, 223 (3d Cir. 2001).  Like the exhaustion requirement, the procedural default doctrine is based upon notions of comity and federalism.  The procedural default barrier rests upon the "independent and adequate state grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

A state's procedural rules are entitled to deference by federal courts, and violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of habeas claims.  <u>Coleman v. Thompson</u>, 501 U.S. at 750.  Violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims.  <u>Glass v. Vaughn</u>, 65 F.3d 13, 15 (3d Cir. 1995), <u>cert.</u> <u>denied</u>, 116 S.Ct. 1027 (1996).

---

[3]    The Pennsylvania Supreme Court's Order No. 218, issued May 9, 2000, provides that a criminal defendant shall not be required to petition for an allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies for purposes of federal habeas corpus review.  Federal courts within this Circuit have consistently applied the Pennsylvania Supreme Court's Order.

Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default unless such petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; **or** 2) failure to consider the claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. at 750.

To satisfy the cause standard, Petitioner must demonstrate that some objective factor external to the defense impeded his efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. Engle v. Isaac, 456 U.S. 107 (1982); Carrier, 477 U.S. at 485-87.

It is possible that the ineffective assistance of counsel can constitute cause for a procedural default. However, such a claim of ineffective assistance must be presented to the state courts as an independent claim and exhausted before it may be considered by the federal courts. Edwards, 529 U.S. at 452 (ineffective assistance claim must first "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). Here, it appears from the record before this Court[4] that Petitioner attempted to raise such a claim by way of filing the second PCRA (at the suggestion of former counsel) in the state courts in an effort to exhaust it. However, after the trial court denied PCRA relief, Petitioner did not file an appeal to the Superior Court. Therefore, the ineffective assistance of PCRA counsel cannot serve as the cause in order to excuse the procedural default of Petitioner's claims.

Although Petitioner cannot demonstrate the necessary "cause" and "prejudice," this Court may still review his claims if he can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." McCleskey, 499 U.S. at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. See also Coleman, 501 U.S.

---

[4]    Neither Petitioner nor Respondent specifically address this issue.

at 748; <u>McCleskey</u>, 499 U.S. at 502.  Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  <u>Schlup v. Delo</u>, 513 U.S. 298, 329-30 (1995); <u>Glass</u>, 65 F.3d at 15.  This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case.  <u>Schlup</u>, 513 U.S. at 321.  To succeed on an actual innocence claim, a petitioner must invoke "reliable evidence not presented at trial" <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998), and "show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence presented in his habeas petition" <u>Schlup</u>, 513 U.S. at 327.  <u>See</u> <u>also</u> <u>House v. Bell</u>, ___ U.S. ___, 126 S.Ct. 2064 (June 12, 2006).

Petitioner has not made any showing of his innocence as he must do in order to overcome the procedural default of his claims.  Petitioner has not met the <u>Schlup</u> standard, and therefore he is not entitled to the miscarriage of justice exception.

Accordingly, Petitioner's claims are barred from federal habeas review due to procedural default.


### C.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." <u>Szuchon v. Lehman,</u> 273 F.3d 299, 312 (3d Cir. 2001) <u>quoting</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." <u>McCracken v. Gibson</u>, 268 F.3d 970,

984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

As Petitioner has not met this standard, a certificate of appealability should be denied.

### III.    CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


    /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated:  August 8, 2006

7